IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) DAVID CHRISTOPHER CORNELIUS,

Plaintiff,

v.

(1) WYNDHAM HOTEL & RESORTS, INC.;
(2) MICROTEL INNS & SUITES FRANCHISING, INC.;
(3) ROUTE 71 HOSPITALITY MANAGEMENT, LLC; and
(4) SC PETROLEUM, LLC,

Defendants.

Case No. 21-cv-00057-GKF-JFJ

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

**COMPLAINT**

COMES NOW the Plaintiff, David Christopher Cornelius, for his causes of action against the Defendants, Wyndham Hotels & Resorts, Inc.; Microtel Inns & Suites Franchising, Inc.; Route 71 Hospitality Management, LLC; and SC Petroleum, LLC, alleges and states as follows:

## I. Preliminary Statement

1. This is an action for breach of contract, negligence, intentional infliction of emotional distress, and discrimination because of disability arising under the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12181 *et seq*. ("ADA").

2. Plaintiff claims that during his stay at the Defendants' hotel, the Defendants took adverse actions against him, including differential and abusive treatment which resulted in his eviction from their hotel with police back-up, and which was motivated by Plaintiff's physical and

mental disability and his legally recognized need for his service animal to remain with him due to his disability.

3. Plaintiff seeks monetary damages and injunctive relief requiring Defendants to correct its violations of Plaintiff's rights, prohibiting Defendants from continuing their misconduct in violation of the ADA, and from engaging in similar conduct in the future. Plaintiff seeks attorney's fees and court costs pursuant to 42 U.S.C. § 12205.

## II. Jurisdiction & Venue

4. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 3, as though fully set forth herein.

5. This Court has jurisdiction to hear and decide Plaintiff's ADA claims pursuant to 42 U.S.C. §§ 12188-89, as Plaintiff's claims arise under and are based upon violations of Title III of the ADA, 42 U.S.C. § 12182, *et seq*.

6. This Court is vested with original jurisdiction of these claims pursuant to over 28 U.S.C. §§ 1331 and 1343.

7. Plaintiff's claim under the ADA is authorized by 42 U.S.C. § 12117(a), §12188 and § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000a-3(a).

8. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since the claims form part of the same case or controversy arising under federal law.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and/or § 1391(b)(2), in that, as described herein, several of the Defendants reside in this judicial district pursuant to § 1391(c)(2) and (d) and this Court has personal jurisdiction over all of the Defendants,

and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## III. Parties

10. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 9, as though fully set forth herein.

11. Plaintiff is a resident of Tulsa County, State of Oklahoma. At all relevant times herein, Plaintiff had a disability within the meaning of the ADA.

12. Defendant, Wyndham Hotels & Resorts, Inc., is a foreign corporation authorized to do business in the State of Oklahoma and conducting business in the State and in this judicial district.

13. Defendant, Microtel Innes & Suites Franchising, Inc., is a foreign corporation authorized to do business in the State of Oklahoma and conducting business in the State and in this judicial district.

14. Defendant, Route 71 Hospitality Management, LLC, is a foreign limited liability company headquartered and principally located in the State of Arkansas with substantial contacts in this judicial district.

15. Defendant, SC Petroleum, LLC, is a foreign limited liability company headquartered and principally located in the State of Arkansas with substantial contacts in this judicial district.

## IV. Factual Allegations

16. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15, as though fully set forth herein.

17. Plaintiff is a 100% disabled Vietnam War era veteran of the United States Navy. Plaintiff is severely hearing impaired because of his military service-related disability stemming from his career in the United States Navy.

18. As a result of his disability, Plaintiff relies on the support of his service animal – a service dog named Julianna – to assist Plaintiff during the normal course of his daily activities.

19. Without the assistance of his service animal, Julianna, Plaintiff would not know, among other things, when or if his phone rings, when or if someone knocks at his door, or, if an emergency develops.

20. Because of Plaintiff's needs, Julianna travels everywhere with Plaintiff.

21. On or around February 13, 2019, Plaintiff, Plaintiff's wife, and Julianna, traveled from Tulsa, Oklahoma to Bentonville, Arkansas, so that Plaintiff's wife could be with a friend who had gone into labor.

22. While Plaintiff's wife stayed at the hospital with her friend, Plaintiff checked into Room 214 at the Microtel by Wyndham (the "Hotel") located at 911 Southeast Walton Blvd, Bentonville, Arkansas.

23. The Hotel's corporate policy specifically held-out to the public, and those renting rooms in the Hotel, that "ADA defined service animals are welcome at this hotel."

24. Despite its corporate policy and the requirements under the ADA, Plaintiff was evicted from his room by Hotel staff because of the presence of Plaintiff's ADA-defined service animal, Julianna.

25. At 3:00 A.M. on February 13, 2019, after Plaintiff and Julianna had gone to bed, Hotel staff contacted the police to complain that Plaintiff had a dog in his room. Hotel staff told police that Hotel rules "state that there are no animals allowed regardless." The police noted that

Julianna was Plaintiff's service animal and was not causing any issues. Nonetheless, Plaintiff was forced to leave the Hotel and spend the winter night in his car with Juliana. Temperatures dropped below freezing to 29º F on February 13, 2019 in Bentonville.

26. Defendants are vicariously liable for the negligence of its employees, agents and/or contractors pursuant to the legal doctrine of *respondeat superior*.

27. Because of the ejection and Defendants' intentional disregard and violation of the law, and Plaintiff's need to be accompanied by his service dog, Plaintiff has been unable to return to the Hotel (or any other Microtel by Wyndham).

28. As a direct and proximate result of Defendants' actions alleged herein, Plaintiff suffered physical pain and suffering, mental and emotional distress, anxiety, and embarrassment, and other actual damages, all of which are in excess of seventy-five thousand dollars ($75,000.00).

## V. Causes of Action

### First Cause of Action – Violation of the ADA (42 U.S.C. 12182(a))

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28, as though fully set forth herein.

30. Under the ADA, and, in particular, 42 U.S.C.A. § 12102(1)(A), Plaintiff is a disabled person.

31. Under 42 U.S.C.A. § 12181(7)(B), the Hotel owned and operated by Defendants is a public accommodation.

32. Under 42 U.S.C.A. § 12182(a) and (b)(1)(A)(i), Defendant committed an illegal discriminatory act by ejecting Plaintiff from the Hotel because he was accompanied by his service dog.

33. 42 U.S.C.A. § 12186(b) authorizes the Attorney General of the United States to issue regulations to implement the ADA. Under that authority, the Attorney General of the United States issued 28 C.F.R. 36.505 which provides that attorney's fees can be awarded to a Plaintiff for enforcing the ADA. Plaintiff has incurred and will incur attorney's fees in filing this action to enforce his rights under the ADA.

34. Further, under 28 C.F.R. §§ 36.105 and 36.302(c)(7), a service animal, like Plaintiff's dog, Julianna, must be permitted to accompany a disabled person, such as Plaintiff, into a public accommodation such as the Hotel.

35. Under 42 U.S.C.A. § 12188(a)(1) and (2), the court may grant injunctive relief for the violation by a public accommodation of the ADA.

36. In acting as alleged in this Complaint, Defendants interfered with Plaintiff's attempt to exercise his rights under the ADA to have a service dog.

37. As a result of that action, Plaintiff was unable to exercise his rights and Plaintiff suffered financial hardship, physical pain and suffering, mental and emotional distress, anxiety, and embarrassment, all of which are in excess of seventy-five thousand dollars ($75,000.00).

38. Under 42 U.S.C.A. § 12203(b), Defendant is liable to Plaintiff for all of his damages, and for all the attorney's fees that Plaintiff has incurred and will incur in the prosecution of this action.

**Second Cause of Action – Breach of Contract**

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38, as though fully set forth herein.

40. Plaintiff entered into a contract with Defendants for the rental of a room at the Hotel Under the terms of the contract, and in exchange for valuable consideration, the Hotel promised that "ADA defined service animals are welcome at this hotel."

41. Additionally, Plaintiff paid for a full night's use of Room 214 at the Hotel.

42. By evicting Plaintiff prior to the expiration of the full night because of Plaintiff's service animal, Defendants breached their contract with Plaintiff.

43. As a direct result of Defendants' breach of contract, Plaintiff has suffered financial hardship and personal injuries, including mental, emotional and physical pain and suffering and other actual damages in excess of seventy-five thousand dollars ($75,000.00).

**Third Cause of Action - Negligence**

44. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43, as though fully set forth herein.

45. Defendants, as well as their employees, agents and/or contractors owed a duty to Plaintiff to observe his rights to reasonable accommodation and use of a service animal.

46. Defendants, as well as their employees, agents and/or contractors, failed to exercise ordinary, reasonable and proper care in providing reasonable accommodations to Plaintiff and allow Plaintiff the use of his service animal.

47. The injuries sustained by Plaintiff were a direct and proximate result of Defendants' breach of duties owed.

48. Defendants are vicariously liable for the negligence of its employees, agents and/or contractors pursuant to the legal doctrine of *respondeat superior*.

49. As a proximate result of Defendants' failures, Plaintiff has sustained personal injuries, including mental, emotional and physical pain and suffering and other actual damages in excess of seventy-five thousand dollars ($75,000.00).

**Fourth Cause of Action – Intentional Infliction of Emotional Distress**

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49, as though fully set forth herein.

51. Defendants' actions in the setting in which they occurred were so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society.

52. Defendants intentionally and/or recklessly caused severe emotional distress to the Plaintiff beyond that which a reasonable person could be expected to endure.

53. Defendants are vicariously liable for the acts of their employees, agent, or contractors which were done in the course and scope of their employment and in furtherance of her job duties.

54. As a result of Defendants' actions, Plaintiff has sustained personal injuries, including mental, emotional and physical pain and suffering and other actual damages in excess of seventy-five thousand dollars ($75,000.00).

**Fifth Cause of Action – Punitive Damages**

55. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54, as though fully set forth herein.

56. The intentional, wanton and reckless conduct of Defendants in disregard of the health and well-being of Plaintiff and others is, and was, conducted with full knowledge, in that Defendants knew, or should have known, of the severe adverse consequences of their actions to

the Plaintiff and others. That such actions and/or inactions were not only detrimental to Plaintiff but the public in general.

57.     Defendants' conduct was directly, specifically, and intentionally injured the Plaintiff and their actions are contrary to acceptable norms of conduct and in contravention of public policy thus subjecting Defendants herein to the imposition of exemplary and punitive damages in excess of seventy-five thousand dollars ($75,000.00).

WHEREFORE, based on the foregoing, Plaintiff prays this Court grant him the relief sought, including, but not limited to, injunctive relief enjoining Defendants, and Defendants' agents, servants, and employees, and all persons acting under, in concert with, or for Defendants from making any discrimination, distinction, or restriction in providing full and equal accommodations, advantages, facilities, and services in Defendants' business establishment, and particularly to be enjoined from doing so as to disabled persons accompanied by service dogs, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), reasonable attorney fees, costs and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN | LAW, PLLC

/s/Donald E. Smolen, II

Donald E. Smolen, II, OBA #19944
Laura L. Hamilton, OBA #22619
Lawrence R. Murphy, OBA #17681
Dustin J. Vanderhoof, OBA #21388
611 S. Detroit Ave.
Tulsa, OK 74120
P: (918) 777-4LAW (4529)
F: (918) 890-4529
don@smolen.law
laura@smolen.law
larry@smolen.law
dustin@smolen.law

*Attorneys for Plaintiff*